UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BAYER HEALTHCARE LLC AND MERIAL LIMITED
FLEA CONTROL PRODUCTS MARKETING AND
SALES PRACTICES LITIGATION                                     MDL No. 2319

TRANSFER ORDER

      **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the Northern District of Ohio moves to centralize this litigation in that district. The motion encompasses that action and five others: one each in the Central District of California, the Northern District of Illinois, the Western District of Louisiana, the District of New Jersey, and the Southern District of New York, as listed on Schedule A. The Panel has been notified of three additional related actions.[1]

      All responding plaintiffs (including plaintiffs in four of the six constituent actions, as well as plaintiff in a potential tag-along action) support centralization in the Northern District of Ohio. The common defendants,[2] however, argue for selection of the Southern District of New York or, in the alternative, the Northern District of Illinois.

      On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that defendants have made various false and misleading assertions concerning flea control products[3] marketed for use on dogs and cats (*e.g.*, that the products are self-dispersing and cover the entire surface of the animal's body when applied in a single spot, are effective for one month, do not enter the animal's bloodstream, and are waterproof and remain effective following shampoo treatments, swimming, or exposure to rain or

---

     [*]     Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

     [1]     These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

     [2]     Bayer HealthCare LLC, Merial Limited, Merial LLC (Delaware), and Merial, Inc.

     [3]     These products include the Bayer defendants' Advantage, Advantage II, Advantix, Advantix II, K9 Advantix, K9 Advantix II, Advantage Multi, Advantage Multi II, and Advocate; and the Merial defendants' Frontline, Frontline Plus, Frontline Top Spot, and Certifect.

- 2 -

sunlight).[4] Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Northern District of Ohio is an appropriate transferee district for pretrial proceedings in this litigation. All responding plaintiffs support centralization in that district, and Judge Daniel A. Polster, to whom we assign this MDL, has the experience to guide this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio, and, with the consent of that court, assigned to the Honorable Daniel A. Polster for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                    Barbara S. Jones
Paul J. Barbadoro                    Marjorie O. Rendell
Charles R. Breyer

---

[4] The Central District of California *Simms* action is somewhat narrower, in that plaintiff therein alleges simply that defendant Merial Limited has falsely marketed Frontline Plus as 100% effective in killing fleas on cats and dogs. Frontline Plus, however, is also at issue in the other five actions, and, indeed, the *Simms* plaintiff supports inclusion of his action in the centralized proceedings.

**IN RE: BAYER HEALTHCARE LLC AND MERIAL LIMITED
FLEA CONTROL PRODUCTS MARKETING AND
SALES PRACTICES LITIGATION**     MDL No. 2319

## SCHEDULE A

<u>Central District of California</u>

Kevin Simms v. Merial Limited, C.A. No. 2:11-08548

<u>Northern District of Illinois</u>

Alan Resnick, et al. v. Bayer Healthcare LLC, et al., C.A. No. 1:11-07210

<u>Western District of Louisiana</u>

Nashville Farrell v. Bayer Healthcare LLC, et al., C.A. No. 1:11-01820

<u>District of New Jersey</u>

John Gregg v. Bayer Healthcare LLC, et al., C.A. No. 3:11-06011

<u>Southern District of New York</u>

Mark Bloom v. Bayer Healthcare LLC, et al., C.A. No. 1:11-07173

<u>Northern District of Ohio</u>

Pamela J. Carthen v. Bayer Healthcare LLC, et al., C.A. No. 1:11-02172