No. 13-3514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: BAYER HEALTHCARE AND MERIAL LIMITED FLEA CONTROL PRODUCTS MARKETING AND SALES PRACTICES LITIGATION. | ) ) ) ) ) ) | **FILED**<br>Nov 04, 2013<br>DEBORAH S. HUNT, Clerk |
| KEVIN SIMMS, et al., | ) ) | O R D E R |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | 1:12md2319 |
| BAYER HEALTHCARE, et al., | ) ) | |
| Defendants-Appellees. | ) | |

Plaintiffs appeal the summary judgment for defendants in this action for breach of warranty and other claims relating to the efficacy of defendants' topically applied flea-and-tick products for cats and dogs. The parties move to file their briefs under seal.

On December 26, 2012, the district court approved a stipulated protective order providing that documents designated by any party as confidential or highly confidential would be filed under seal. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) ("trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know"). Plaintiffs do not concede that the documents at issue should have been sealed or should remain under seal. Rather, they seek to file their brief under seal "out of a desire to avoid unnecessary disputes" and "to give the Court an opportunity to decide on its own" whether their brief should be sealed. Defendants state that their brief "quotes from, discusses, and cites many

of the sealed documents." And, without further explanation, they conclude that their brief must also be filed under seal in this court.

"Documents sealed in the lower court or agency must continue to be filed under seal in this court." 6th Cir. R. 25(h)(5); *see United States v. Hatcher*, 698 F.3d 936 (6th Cir. 2012). However, briefs are a matter of public record and will be sealed only if the particular documents referenced therein "justify court-imposed secrecy." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). "A brief that refers to sealed information is not automatically sealed. A party seeking to have a brief sealed in whole or in part must file a motion seeking such relief." 6th Cir. R. 28(d). The party must also provide an adequate and specific explanation as to why the brief should be sealed and apprise the court of the specific harm that will occur if the brief is not sealed. *See Elliott Co. v. Liberty Mut. Ins. Co.*, 2009 WL 750780, at *10 (6th Cir. 2009) (ordering briefs and joint appendices unsealed because the motion to seal presented "no legally sufficient reason" for their sealing).

To the extent that any of the sealed information is disclosed in the district court's opinion and order granting summary judgment—which is a part of the public record—it can and should be addressed openly in the parties' briefs. *See, e.g.*, *United States v. Green*, 532 F.3d 538, 542 n.2 (6th Cir. 2008). If there is sealed information in the briefs that the district court's judgment does not disclose, the defendants must still explain how they would be harmed if the briefs are made available to the public. For example, trade secrets do not have automatic and complete immunity against disclosure. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). When the district court approves a stipulated protective order allowing the parties to designate any document as confidential and subject to filing under seal, the moving party must make a particularized showing of the need for continued secrecy if the briefs filed in this court are to be

sealed. *See id.*; c*f. Lewis v. St. Luke's Hosp. Ass'n*, 132 F.3d 33 (Table), 1997 WL 778410, at *4 (6th Cir. 1997) (broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the requirements of Federal Rule of Civil Procedure 26(c)) (citation omitted).

The motions to seal the briefs are **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Clerk